IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RICKY LEE MILLER,

    Petitioner,

v.                                                Civil Action No. 3:09CV665

GENE JOHNSON,

    Respondent.

## MEMORANDUM OPINION

Petitioner, a Virginia prisoner, filed a petition for a writ of habeas corpus challenging his 2004 convictions in Circuit Court for the City of Richmond for burglary, abduction, malicious wounding, robbery, and four counts of using a firearm in the commission of a felony. (Respt.'s Br. Supp. of Answer and Mot. to Dismiss ¶ 1.) Respondent filed a motion to dismiss (Docket No. 13) and appropriate *Roseboro*[1] notice (Docket No. 16). This matter is ripe for judgment.

## SECOND OR SUCCESSIVE PETITIONS

This Court previously has denied a 28 U.S.C. § 2254 petition challenging Petitioner's convictions. *Miller v. Johnson*, No. 3:07cv726 (E.D. Va. May 28, 2008). The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotations omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not sought permission to file a successive petition from the United States Court of Appeals for the Fourth Circuit. Therefore, this Court lacks jurisdiction to consider his second application for habeas corpus relief.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Miller is entitled to further consideration in this matter. A certificate of appealability is therefore DENIED.

Respondent's Motion to Dismiss (Docket No. 13) will be GRANTED. The petition will be DISMISSED for lack of jurisdiction. (Docket No. 1.) Petitioner's Motion for Default Judgment (Docket No. 18) will be DENIED because the Court lacks jurisdiction over this action.

An appropriate Order shall issue.

/s/ M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 7/9/10

2